ORDERED in the Southern District of Florida on __JAN 2 8 2008__



Paul G. Hyman, Chief Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                Chapter 11 Cases

FIRST NLC FINANCIAL SERVICES, LLC,                    Case No. 08-10632-BKC-PGH
et al.[1]
                                                      (Jointly Administered)
        Debtors.
_____/

### INTERIM ORDER APPROVING THE EMPLOYMENT OF BERGER SINGERMAN, P.A., AS COUNSEL FOR DEBTORS IN POSSESSION _NUNC PRO TUNC_ TO THE PETITION DATE

**THE MATTER** came before the Court on January 22, 2008 at 2:00 p.m. in West Palm Beach, Florida, upon the *Debtors' Application for Approval on an Interim Basis of Employment of Berger Singerman, P.A. as Counsel for Debtors in Possession Nunc Pro Tunc to the Petition Date* (the "Application") (C.P. No. 13), the *Declaration of Thomas J. Allison in Support of Chapter 11 Petitions and Request for First Day Relief* (the "First Day Declaration") (C.P. No.

---

[1] The last four digits of the taxpayer identification numbers for each of the Debtors follow in parentheses: (i) First NLC Financial Services, LLC (9970); (ii) NLC, Inc. (6550); and (iii) First NLC, Inc. (7597). First NLC Financial Services, LLC, NLC, Inc. and First NLC. Inc. are located at 4680 Conference Way South, Boca Raton, Florida.

715768-6

21), the *Declaration of Arthur J. Spector in Support of Debtors' Application on an Interim Basis for Approval of Employment of Berger Singerman, P.A. as Counsel for the Debtors in Possession Nunc Pro Tunc to the Petition Date* (the "Spector Declaration") attached to the Application as Exhibit "A;" the *Amended Brief of the Debtors in Support of Application for Interim Approval of Counsel for Debtors-in-Possession Pending a Final Hearing* (C.P. No. 28); and the *United States Trustee's Objection to Debtors' Application on an Interim Basis for Approval of Employment of Berger Singerman, P.A. as Counsel for the Debtors in Possession Nunc Pro Tunc to the Petition Date* (the "Objection") (C.P. No. 38). The Application requests entry of an order, on an interim basis, approving the Debtors-in-Possession's employment of Berger Singerman, P.A. to represent them as general counsel in these Chapter 11 cases.

The Court has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief requested in the Application is in the best interests of the Debtors, their estates, and their creditors. The Spector Declaration makes relevant disclosures as required by Fed. R. Bankr. P. 2014 and Fed. R. Bankr. P. 2016. The Spector Declaration contains a verified statement as required by Fed. R. Bankr. P. 2014 demonstrating that Arthur J. Spector and Berger Singerman, P.A. are disinterested as required by 11 U.S.C. § 327(a). Pursuant to 11 U.S.C. § 327, Fed. R. Bankr. P. 2014(a) and Local Rule 2014-1, the Court is authorized to grant the relief requested in the Application. Upon the record herein, including the testimony of Thomas J. Allison, the Debtors' chief restructuring officer, elicited by the Debtors in support of the Application, and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein.

715768-6

The Debtors' Application requested the entry of an order at the first-day hearings in these cases, prior to the 20th day post-petition, approving *on an interim basis until a final hearing could be convened after more fulsome notice to parties-in-interest and the United States Trustee,* the employment of counsel for the Debtors-in-Possession. The Debtors and Berger Singerman, P.A. agreed that all objections to the retention of Berger Singerman, P.A. would be preserved to the final hearing and that the *de novo* standard of review would govern.

In its Objection, the United States Trustee took the position that Rule 6003 of the Federal Rules of Bankruptcy Procedure, effective December 1, 2007, makes no provision for interim relief, and that, unless immediate and irreparable harm can be shown, no relief of any sort may be obtained short of the 20 days stated in the Rule. The Court disagrees.

Because of the recent effective date of Rule 6003 – December 1, 2007 – the Court has not before had occasion to consider this issue. In this Court's opinion, Rule 6003 permits interim relief of this nature. The Advisory Committee commentary plainly suggests that courts rely on the procedures and advanced case law under Rule 4001(b)(2) and (c)(2) for implementation of new Rule 6003. And the Rules referred to as models provide for bifurcation of relief into interim and final components. As Collier on Bankruptcy notes, "The first clause of *Rule 6003* provides that the prohibitions in the rule apply '[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm'. The Committee Note indicates that this language was taken from Rules 4001(b)(2) and (c)(2) on use of cash collateral and financing orders and that decisions under those rules would provide guidance for how a court should interpret this provision." Collier on Bankruptcy, ¶ 6003.03 (15th Edition Rev. 2007). Moreover, nothing in the text of Rule 6003 precludes entry of an interim order. *See id.* (noting that there are many situations where "the interim and final relief division would work well"). The Application is a

3

715768-6

perfectly appropriate one for this form of procedural relief, and the terms of the interim relief proposed by the Debtors and Berger Singerman, P.A. are sufficient to address the legitimate concerns of the drafters of Rule 6003.

Mr. Allison testified that in his many years of experience as financial consultant and as chief restructuring officer in literally hundreds of business bankruptcy reorganization cases, he has never seen a debtor-in-possession without counsel in the first 20 days of the case. Moreover, it was his well-formed opinion that unless counsel was immediately available, the effects on these estates could be devastating. The Court finds Mr. Allison and his testimony to be entirely credible and agrees that without counsel for 20 days, these cases would be immediately and irreparably harmed.

The United States Trustee conceded, as it had to do, that a limited liability companies and a corporations are prohibited from appearing in court *pro se*, and therefore, they require the services of a licensed attorney to appear on their behalf. In conjunction with section 327(a)'s requirement that the bankruptcy court must approve the debtor-in-possession's employment of counsel, the Debtors are correct that they would not be capable of pressing their requests for first-day relief if this Court did not first grant this Application's request for interim relief approval.

Because of the lack of precedent on this issue, the Court turned to Collier on Bankruptcy for guidance. The treatise instructs that

> So long as the court allows full compensation from day one of the case to the professionals who are not officially retained by court order for a short period and also allows fair compensation to a professional who is unexpectedly not retained, there will be no prejudice to anyone by the 20-day wait and thus no reason to use the special provision of *Rule 6003* allowing earlier consideration of matters if necessary to avoid immediate and irreparable harm.

4

Collier on Bankruptcy, ¶ 6003.02[2]. What Collier seemingly overlooks in this comment, however, is that counsel may not be paid if its employment is not first approved by the court. So, to accomplish Collier's goal of compensating a professional who labors during the first 20 days of a case only to learn at the final hearing that its employment is not approved, the court would have to first enter an order *approving* the professional's employment back to the petition date, then *allow the compensation* for the work performed, and then *deny approval* of further employment. This is a most unwieldy and peculiar procedural two-step, which is ill advised and is unnecessary as this Court reads the Rule. Accordingly, it is hereby

**ORDERED** that:

1. The Application is **GRANTED** on an interim basis.

2. The Objection is **OVERRULED** for the reasons stated on the record, all of which are incorporated herein.

3. The employment by the Debtors, as debtors-in-possession, of Berger Singerman, P.A., as general counsel in these Chapter 11 cases is **APPROVED** pursuant to 11 U.S.C. § 327(a), on an interim basis, pending the final hearing as set forth below.

4. The employment of Berger Singerman, P.A. by the Debtors shall be *nunc pro tunc* to the Petition Date.

5. Berger Singerman, P.A. shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C §§ 330 and 331, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtors. Berger Singerman, P.A. will apply for compensation and reimbursement of costs.

715768-6

6. The Court shall conduct a final hearing (the "Final Hearing") on the Application on <u>February 12, 2008 at 1:00 p.m. at the United States Bankruptcy Court, Flagler Waterview Building, 1515 N. Flagler Drive, West Palm Beach, Florida</u>.

7. Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* standard at the Final Hearing.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

<u>Submitted by:</u>
Arthur J. Spector, Esq.
BERGER SINGERMAN, P.A.
350 E. Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
Tel. (954) 525-9900
Fax (954) 523-2872
E-mail: aspector@bergersingerman.com

<u>Copies to:</u>
Arthur J. Spector, Esq.
*(Attorney Spector shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.)*