ORDERED in the Southern District of Florida on ___JAN 2 8 2008___



_____
Paul G. Hyman, Chief Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| FIRST NLC FINANCIAL SERVICES, LLC, et al.[1] | Case No. 08-10632-BKC-PGH (Jointly Administered) |
| Debtors. _____/ | |

### INTERIM ORDER APPROVING THE EMPLOYMENT OF MESIROW FINANCIAL INTERIM MANAGEMENT, LLC AS RESTRUCTURING MANAGEMENT FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

THIS MATTER came before the Court on the 22nd day of January 2008 at 2:00 p.m., in West Palm Beach, Florida, upon the application (the "Application") (C.P. No. 17) of the debtors and debtors-in-possession in the above-captioned Chapter 11 cases (the "Debtors"), for entry of an order, pursuant to sections 105(a) and 363(b) of the United States Bankruptcy Code, 11

---

[1] The last four digits of the taxpayer identification numbers for each of the Debtors follow in parentheses: (i) First NLC Financial Services, LLC (9970); (ii) NLC, Inc. (6550); and (iii) First NLC, Inc. (7597). First NLC Financial Services, LLC, NLC, Inc. and First NLC, Inc. are located at 4680 Conference Way South, Boca Raton, Florida.

940534-7

U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code"), approving the employment of Mesirow Financial Interim Management, LLC ("MFIM") as restructuring management to the Debtors *nunc pro tunc* to the Petition Date and upon the Declaration of Thomas J. Allison (the "Allison Declaration"), the *Debtors' Brief in Support of Application for Interim Approval of Employment of Mesirow Financial Interim Management, LLC as Restructuring Management for Debtors-in-Possession Pending a Final Hearing* (C.P. No. 29); and the *United States Trustee's Objection to Debtors' Application for Entry of Interim Order Approving the Employment of Mesirow Financial Interim Management, LLC, as Restructuring Management for Debtors Nunc Pro Tunc to the Petition Date* (the "Objection") (C.P. No. 39); and the Court being satisfied, based upon the representations made in the Application and the Allison Declaration, that such restructuring management represents no interest adverse to the Debtors' estates or their creditors with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and in the best interests of the Debtors' estates and their creditors; and it appearing that proper and adequate notice was provided and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefore, it is hereby

**ORDERED** that:

1. The Application is **GRANTED** and **APPROVED** in all respects.

2. The Objection is **OVERRULED** for the reasons stated on the record, all of which are incorporated herein and, to the extent pertinent, in the Court's Interim Order Approving the Employment of Berger Singerman, P.A. as Counsel for the Debtors in Possession *Nunc Pro Tunc* to the Petition Date, entered contemporaneously herewith.

940534-7

3.  Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors' employment of MFIM as their restructuring management, in accordance with the terms of the Engagement Letter, as modified herein, and the Application is **APPROVED**, *nunc pro tunc* to Petition Date, to perform the services set forth in the Application and the Engagement Letter, on an interim basis, pending the final hearing as set forth below.

4.  MFIM shall be compensated in accordance with the procedures set forth in section 330(a) of the Bankruptcy Code and such Bankruptcy Rules and Local Bankruptcy Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court.

5.  The monthly fixed fee set forth in the Application for the services of CRO Thomas J. Allison is **APPROVED**. Because of this flat fee arrangement, Mr. Allison need not maintain detailed time records required of other professionals retained by the Debtors on an hourly basis. The Temporary Employees, however, shall maintain detailed time records, and their fees shall be subject to review pursuant to the reasonableness standard set forth in section 330(a) of the Bankruptcy Code.

6.  The Debtors and their estates shall indemnify and hold harmless MFIM, its officers, directors, shareholders, principals, members, managers, employees, affiliates, subcontractors, representatives and agents (collectively, the "MFIM Indemnified Parties") from and against any and all losses, claims, damages, liabilities, penalties, obligations and expenses, including, without limitation, the costs and expenses of counsel, incurred by or asserted against the MFIM Indemnified Parties in connection with or in any way related to MFIM's engagement as financial advisors to the Debtors.

3

940534-7

7. All requests of the MFIM Indemnified Parties for payment of indemnity pursuant to the Engagement Letter, a copy of which is attached as <u>Exhibit A</u> to the Allison Declaration and incorporated herein by reference, and this Order shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and this Order and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, <u>provided</u>, <u>however</u>, that in no event shall the MFIM Indemnified Parties be indemnified in the case of their own gross negligence or willful misconduct.

8. The MFIM Indemnified Parties shall not be indemnified if the Debtors or a representative of the estates assert a claim for, and a court determines by final order that such claim arose out of, MFIM's own gross negligence, or willful misconduct.

9. In the event that the MFIM Indemnified Parties seek reimbursement for attorneys' fees from the Debtors and the estates pursuant to the Engagement Letter and this Order, the invoices and supporting time records from such attorneys shall be included in MFIM's own applications (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 105(a) and 363(b) of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10. To the extent that this Order is inconsistent with the Engagement Letter, this Order shall govern.

940534-7

11. The Court shall conduct a final hearing (the "Final Hearing") on the Application on February 12, 2008 at 1:00 p.m. at the United States Bankruptcy Court, Flagler Waterview Building, 1515 N. Flagler Drive, West Palm Beach, Florida.

12. Entry of this Interim Order is without prejudice to the right of any party-in-interest to interpose an objection to the Application, and such an objection will be considered on a *de novo* standard at the Final Hearing.

13. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Arthur J. Spector, Esq.
Berger Singerman, P.A.
350 E. Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
Tel. (954) 525-9900
Fax (954) 523-2872
E-mail: aspector@bergersingerman.com

Copy furnished to:
Arthur J. Spector, Esq.
*(Attorney Spector is directed to serve a conformed copy of this Order upon all interested parties, and to file a Certificate of Service with the Court).*

940534-7