UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:                                                  Case No. 08-10632-BKC-PGH
                                                        Chapter 7
FIRST NLC FINANCIAL                                     JOINTLY ADMINISTERED
SERVICES, LLC, etc., et al.,

          Debtors.
 _____/

## OBJECTION TO CLAIM 398

IMPORTANT NOTICE TO CREDITOR:
THIS IS AN OBJECTION TO YOUR CLAIM

  The Trustee, Deborah C. Menotte, has filed an objection to your claim in this bankruptcy case. This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition is recommended for your claim.

  If you disagree with the Trustee's objection or the recommended treatment of your claim, you must file a written response WITHIN 30 DAYS from the date of service of this objection, on or before November 19, 2011, explaining why your claim should be allowed as presently filed, and you must serve a copy to the undersigned attorney OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.

  If you mail your response to the Court for filing, you must mail it to the United States Bankruptcy Court, 1515 North Flagler Drive, Room 801, West Palm Beach, Florida 33401, early enough so the Court will receive it on or before the deadline date above.

  The written response must contain the case name and case number. If you or your attorney do not take these steps, the Court may decide that you do not oppose the objection to your claim.

  Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1, the Trustee objects to the following claims filed in this case *:

  The Trustee objects to Claim 398 (which amends Claim 373, which amends Claim 139) of Mers (Mortgage Electronic Registration Systems, Inc.) in the amount of $27,915.05 being treated as an administrative priority claim because the Trustee did not agree to engage this Creditor. Accordingly, the Trustee requests that this claim be allowed as a general unsecured nonpriority claim.

- 2 -

*Notwithstanding the requirements of Bankruptcy Rule 3007, up to five objections to claim may be included in one pleading.  (See Local Rule 3007-1(C).)

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served on the parties listed below, in the manner stated, on the 20th day of October, 2011.

    I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

    FURR AND COHEN, P.A.
    Attorneys for Trustee
    2255 Glades Road
    One Boca Place, Suite 337W
    Boca Raton, FL 33431
    (561) 395-0500/(561)338-7532-fax

    By   */s/Alvin S. Goldstein*
      Alvin S. Goldstein
      Florida Bar No. 993621
      Email: agoldstein@furrcohen.com

By Notice of Electronic Filing:

- Deborah Menotte     menottetrustee@gmail.com, FL43@ecfcbis.com

By U.S. Mail:

Mortgage Electronic Registration Systems, Inc. ("MERS")
1818 Library Street, Suite 300
Reston, VA 20190

Mortgage Electronic Registration Systems, Inc. ("MERS")
c/o Bill McCaughan
Morgan Lewis
5300 Southeast Financial Center
200 S. Biscayne Boulevard
Miami, FL 33131-2339

The party filing this objection to claim must file a certificate of service in accordance with Local Rule 2002-1(F).